JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail:  *jhallam@sideman.com*
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail:  *lfeuchtbaum@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiff
MAGPUL INDUSTRIES, CORP.

PAUL D. SUPNIK [State Bar No. 52842]
Email: paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorney for Defendants
FRANK TRAN and FLUX CREATIONS

Attorney for Non-Party
KELVIN TRAN

JS 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAGPUL INDUSTRIES, CORP., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE 1-100, <br><br> Defendants. | Case No. CV 13-04353 DSF (JCGx) <br><br> **[REVISED PROPOSED] ORDER GRANTING A PERMANENT INJUNCTION** |

CV 13-04353

**Factual Findings and Conclusions of Law**

Based upon a review of the pleadings, declarations, evidence presented, and the Stipulation filed by Plaintiff MAGPUL INDUSTRIES, CORP. ("MAGPUL") and Defendants FRANK TRAN, FLUX CREATIONS, and non-party KELVIN TRAN (collectively "DEFENDANTS"), this Court makes the following findings of fact and conclusions of law:

1. MAGPUL and DEFENDANTS ("Parties") have jointly filed a Stipulation, seeking entry of this Permanent Injunction. The Parties are requesting this Order in accordance with the terms of a Confidential Settlement Agreement that the Parties have each signed and agreed to, with the advice of counsel. The Parties have agreed to all of the terms for this Permanent Injunction. They have requested the Court enter this Order granting the Permanent Injunction in order to satisfy the terms of that Confidential Settlement Agreement.

2. Non-party KELVIN TRAN is subject to this permanent injunction by Fed. R. Civ. P. 65(d)(2)(C) which grants the Court authority to bind any person who acted in concert or participated with a party to the injunction.

3. The balance of the parties' prospective harms and public interest favors restricting DEFENDANTS' unauthorized use of MAGPUL'S name and marks. Based on the foregoing, MAGPUL is entitled to a permanent injunction against DEFENDANTS on the terms that are described below.

**Terms of Permanent Injunction**

1. FRANK TRAN, FLUX CREATIONS, and KELVIN TRAN, are forever restrained from:

   a. manufacturing, importing, advertising, promoting, marketing, offering to sell, selling, distributing, or transferring any products bearing MAGPUL'S name or marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by

1  MAGPUL;
2  b.     making or employing any commercial use of MAGPUL'S name
3  or marks as well as any reproductions, counterfeit copies, derivations,
4  or colorable imitations thereof, or any mark confusingly similar thereto
5  or likely to dilute or detract from MAGPUL'S name or marks;
6  c.     using any other false designation of origin, false description or
7  representation, or any other use of MAGPUL'S name or marks, logo or
8  trade dress, or counterfeit versions thereof, in a manner calculated to
9  falsely advertise counterfeit products as being manufactured,
10 distributed, sponsored, authorized, or endorsed by MAGPUL, or
11 otherwise associated with MAGPUL in any way;
12 d.     committing any other acts calculated or likely to cause confusion
13 or mistake among the consuming public or to deceive the public by
14 misleading consumers and purchasers to the mistaken belief that
15 counterfeit products are genuine MAGPUL products, or were somehow
16 licensed, sponsored, endorsed, authorized, affiliated, or otherwise
17 associated with MAGPUL;
18 e.     secreting, concealing, destroying, selling off, transferring,
19 returning, or otherwise moving, storing, or disposing of:
20        i.     any products, not manufactured or distributed by
21               MAGPUL, bearing MAGPUL'S name or marks, or any
22               confusingly similar trademarks; or
23 //
24 //
25 //
26 //
27
28

|     |     |
| --- | --- |
| 1   | ii.    any evidence of future transactions, including products |
| 2   | and records, relating to the manufacture, importation, sale, offer |
| 3   | for sale, distribution, transfer, circulation, advertising, marketing, |
| 4   | or promotion of any products that infringe MAGPUL'S name or |
| 5   | marks. |

SO ORDERED on May 8, 2014

_____

United States District Judge

7758-5\2081068v1

3  CV 13-04353
**[REVISED PROPOSED] ORDER GRANTING A PERMANENT INJUNCTION**